67  445
169s  93

## Samuel Haines, Trustee, et al., v. Charles E. Hay et al.

1. ADMINISTRATORS—*When Not Chargeable with Interest.*—An administrator has no authority to invest money in his hands, but is bound to have it forthcoming whenever the court shall so order, and if he has not used the money, or realized anything from it, he can not be required to pay interest thereon.

2. SAME—*Commission on Trust Funds.*—Where a decree has been entered holding that certain funds in the hands of an administrator are trust funds, and not assets of the estate, that such administrator has no right to administer on such funds and requiring him to pay them over

to a trustee who has been appointed to receive them, it is proper to refuse to allow such administrator commissions on such funds to be deducted therefrom.

**Petition,** for order requiring payment of interest on decree. Error to the Circuit Court of Sangamon County; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

W. L. GROSS and A. G. MURRAY, attorneys for plaintiffs in error.

CONKLING & GROUT, attorneys for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

A decree of the Circuit Court, rendered June 26, 1891, declared that of the funds held by John S. Bradford, administrator, etc., the sum of $10,000 was a trust fund held and managed by the intestate for the use of the beneficiaries named in the will of Sarah M. Bennett, and therefore it was ordered that the administrator pay said money over to Samuel Haines, who, as trustee appointed by the court, was to hold and manage the same according to the provisions of said will.

From that decree the administrator prosecuted an appeal to this court, pending which he died.

Charles E. Hay, defendant in error, became his successor, and he appealed from the judgment of affirmance in this court to the Supreme Court, where the decree was finally affirmed, October 30, 1894. Hay v. Bennett, 153 Ill. 271. Shortly after the latter date, said sum was paid by the administrator to the trustee, who demanded interest also, at the rate of six per cent per annum, from the date of the decree, which, being refused, the trustee had the cause redocketed, and asked a rule upon the administrator to pay such interest, making as additional defendants to said application, the Ridgely National Bank, and William Ridgely and Charles Ridgely, who were respectively president and vice-president of said bank. It appears that Bradford kept the cash in his hands, as administrator, on deposit in said

bank, and was allowed the customary interest on daily balances, which amounted at the time of his death to $756.56 and was credited to his account as administrator, and that the total then standing to his credit was $10,110.73.  This sum was transferred to Hay when he took charge of the estate, and was deposited in the bank to his credit as such administrator, and so remained until the final decision, the interest allowed as before on such balances, amounting to $641.21, being credited to his private account.

On the hearing and consideration of the matter, the court required Hay to account only for the interest so actually received by him, with interest thereon from December 1, 1894, at five per cent.  The record is now brought here by the trustee on writ of error, and he urges that the court erred in not charging the administrator with statutory interest on the $10,000 from the date of the first mentioned decree, June 26, 1891.

If such interest is allowed, it must come out of the pocket of the administrator, for there is nothing in the estate wherewith to pay it, the cost of litigation having absorbed the amount in his hands over and above said sum of $10,000 excepting eighty-eight cents, which also was charged to him by the court in the decree now under consideration.

It appears that he did not use the money, and realized nothing from it, except the interest so allowed by the bank. Why he should pay the interest demanded is not apparent.

The decree was not personal as to him, that is, it was not against him in his personal capacity.  It amounted merely to a finding that the money mentioned, in the hands of the administrator, was not assets of the estate, and was not to be so treated, but should be handed over to a trustee. In effect, it withdrew the money from the estate.  Had the estate remaining in the hands of the administrator been sufficient to allow a payment of the interest, another question would be presented; but it is difficult to assign a good reason why the administrator should pay more than he has realized.

He had no authority to invest the money.  He was bound

to have it forthcoming whenever the courts should finally determine the question in dispute. He could not know when that might be, and he did the only safe and prudent thing open to him, which was to deposit it in bank and receive such interest as he could obtain thereon. Nor is it perceived why the bank should be called on. It took the deposit in the usual course and allowed the usual rate, and has fully performed its obligation by paying the depositor the amount with interest.

The mere fact that its president and vice-president knew all the circumstances, should not require the bank to assume any additional liability in the premises.

Wm. Ridgely was surety on the appeal bonds and Charles was surety on the bond of Hay, as administrator. Their liability is merely that of suretyship, and whenever the principal discharges his liability their immunity is complete. We see no ground on which they can be held except to make good his obligation should he fail therein.

It is assigned as a cross-error that the court did not allow Hay commission as administrator upon and for handling the $10,000.

That sum was no part of the estate to be administered. The estate had nothing with which to pay such commission, and it would be unreasonable that the fund, which had been adjudged a trust fund, not to be regarded as assets of the estate, should be diminished by commissions to an administrator who had no right to act as administrator in that behalf, and who was required to set the money aside for that reason and pay it over to the proper custodian, the trustee.

The decree will be affirmed.